IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH WALLACE, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 15-5376 |
| JOHN KERESTES, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**MEMORANDUM AND ORDER**

**MARILYN HEFFLEY, U.S.M.J.**                                                                                                  **July 13, 2016**

Joseph Wallace ("Wallace" or "Petitioner"), a prisoner incarcerated at the State Correctional Institution at Mahanoy ("SCI Mahanoy") in Frackville, Pennsylvania, has filed a pro se unopposed motion and amended motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d) on the grounds that he is unable to pay for an attorney. See Mot. for App't of Counsel (Doc. No. 2); Am. Mot. for App't of Counsel (Doc. No. 7). Subsequent to the submission of those motions, a certified legal reference aide at SCI Mahanoy, David Pollard, filed an amended motion for the appointment of counsel on Wallace's behalf stating that apart from Wallace's financial eligibility for counsel, Wallace has "difficulty staying on task" and is unable to submit filings on his own behalf. Am. Mot. for App't of Counsel by Next Friend (Doc. No. 9). For the reasons set forth below, Wallace's motion for appointment of counsel shall be granted.

Although indigent litigants have no constitutional or statutory rights to appointment of counsel in a civil case, a court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Tabron court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim." Id. at 155.

If a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." Id. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." Id. Factors to be considered in determining whether to appoint counsel include: "the difficulty of the particular legal issues"; "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation"; whether "a case is likely to turn on credibility determinations"; "where the case will require testimony from expert witnesses"; and "whether an indigent plaintiff could obtain counsel on his or her own behalf." Id. at 156, 157 n.5.

Upon consideration of the above factors, the Court has determined that appointment of counsel is warranted for further evaluation of Wallace's claims. In particular, Wallace has argued that he is entitled to equitable tolling of the habeas corpus statute of limitations because the "psychotropic medications . . . received from the time of [his] arrest ha[ve] affected [his] ability to reason and function normally" and represent "extraordinary circumstances" that prohibited him from making timely filings with the court.[1] Pet'r's Traverse (Doc. No. 12) at 9-

---

[1] Wallace entered a plea of guilty but mentally ill on December 6, 2000 to the crime of murder in the third degree in connection with the stabbing death of his wife, Eileen, and was sentenced to 23 ½ to 47 years' imprisonment. Commonwealth v. Wallace, No. 1266-00 (Pa. Ct. C.P. Dec. 6, 2000). He did not appeal the judgment of sentence, which became final 30 days after his time to file a direct appeal expired, on January 5, 2001. See Pa. R. App. P. 903(c). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Wallace had one year from this date, or until January 5, 2002, in which to file for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(1)(A). However, Wallace did not file his state post-conviction petition until September 3, 2013, approximately 11 years after his sentence became final. See PCRA Petition, Commonwealth v. Wallace, No. 1266-200 (Pa. Ct. C.P. Sept. 3, 2013). Consequently, Wallace's request for collateral review was untimely. See Pace v.

(Footnote continued on next page)

10.

The United States Court of Appeals for the Third Circuit has held that "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'  Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations omitted).  "A prisoner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted).  Although the Third Circuit has held that mental incompetence is not a per se basis for tolling a statute of limitations, equitable tolling is justified where "mental incompetency . . . somehow . . . affected the petitioner's ability to file a timely habeas petition." Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002); see also Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance beyond his control, and the deadline should be equitably tolled.") (internal quotation marks omitted).  Specific factors to be considered with regard to claims of equitable tolling based on mental conditions include:

> [W]hether the petitioner has been adjudicated incompetent, and if so, when in relation to the habeas statutory period; whether petitioner has been institutionalized for his/her mental impairment; whether petitioner has handled or

---

DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a post[-]conviction petition is untimely under state law, that is the end of the matter for purposes of [AEDPA] § 2244(d)(2).").

>assisted in other legal matters which required action during the limitations period; and whether petitioner's allegations of impairment are supported by extrinsic evidence such as evaluations and/or medication.

Griffin v. Stickman, No. 04-cv-0975, 2004 U.S. Dist. LEXIS 16186, at *19 (E.D. Pa. Aug. 11, 2004) (internal citations omitted); see also Graham v. Kyler, No. 01-cv-1997, 2002 U.S. Dist. LEXIS 26639, at *10-11 (E.D. Pa. Oct. 31, 2002) (explaining that whether mental impairment affected a petitioner's ability to timely file a habeas petition "must be premised on the totality of the petitioner's circumstances" including his or her ability to "understand basic legal concepts, combined with his diagnosed psychiatric disorder").

Here, Wallace alleges that prior to and during court proceedings, he was prescribed Depakene (mood stabilizer), Trilafon (anti-psychotic), Cogentin (used to treat the twitching caused by other medications), Ativan (sedative, hypnotic and tranquilizer), and Haldol (anti-psychotic), and that he continued to be prescribed those medications in various forms throughout his incarceration. Traverse at 9. Wallace also references opinions addressing his mental illness, including a letter by Dr. Robert L. Sadoff, M.D. dated June 9, 2000 stating that he suffered from bipolar disorder, was "psychotic and delusional" at the time he stabbed his wife, and lacked "substantial capacity to conform his conduct to the requirements of law," which rendered him mentally ill under the laws of Pennsylvania. Commonwealth's Motion to Exclude Testimony, Exhibit A, Commonwealth v. Wallace, No. 1266-00 (Pa. Ct. C.P. Nov. 13, 2000). Similarly, a letter from Dr. Gerald Cooke, Ph.D. dated June 27, 2000 diagnosed Wallace with bipolar disorder "in partial remission on medication" and personality disorder, which rendered Wallace "marginally competent to stand trial" but with a risk of decompensation. Commonwealth's Motion to Exclude Testimony, Exhibit B, Commonwealth v. Wallace, No. 1266-00 (Pa. Ct. C.P. Nov. 13, 2000). Missing from the record, however, is any medical record or evaluation

concerning Wallace's mental state from 2001 until 2013, the period in which he alleges that he was incompetent and unable to file any direct appeal or collateral appeal on his own behalf, including what medication was dispensed to treat his condition, any evaluation of the progression or treatment of his condition, or any hospitalizations associated with his condition, if any. See Pet. at 43 (alleging that Wallace "was receiving treatment at a psychological hospital inside [the SCI Mahanoy]" during the time period in which a direct appeal should have been filed). The investigation and development of this evidence is necessary for a proper adjudication of Wallace's equitable tolling claim. See Nara, 264 F.3d at 319-20 (remanding to the district court for further factual determination regarding equitable tolling where there was "no evidence in the record that Nara's current mental status affected his ability to present his habeas petition" but there was at least some evidence of "ongoing, if not consecutive, periods of mental incompetency"); United States v. Johnson, 590 F. App'x 176, 178-79 (3d Cir. 2014) (finding that a district court abused its discretion by declining to toll AEDPA's statute of limitations without first holding an evidentiary hearing regarding the extent of petitioner's mental illness, where the petitioner had previously alleged suicide attempts, auditory hallucinations, and was being proscribed psychotropic medications as reason for his failure to file a timely 28 U.S.C. § 2255 motion); Laws, 351 F.3d at 923-24 (remanding petitioner's equitable tolling claim for further factual discovery and a hearing where the evidence initially presented concerning his competence was petitioner's "allegations in a sworn pleading, against which the state has offered no evidence at all, that he was incompetent in the years when his petitions should have been filed").

In addition, statements contained within Wallace's filings suggest that he may have been reliant upon other inmates, i.e., "jailhouse lawyers" or "certified legal reference aides" to prepare

his petitions, motions and related briefing. See Am. Mot. for App't of Counsel by David Pollard as Next Friend Submission at 1-3; PCRA Pet., Commonwealth v. Wallace, No. 1266-00, at 7-A (Pa. Ct. C.P. Sept. 3, 2013) (requesting leniency on the petition timing because "someone I trusted and had a verbal contract with to type and mail my PCRA to the court . . . breached and . . . I am making every effort to finish it myself ASAP" even though "I'm still over[-]medicated").

Given the nature of the allegations presented in Wallace's habeas petition, the need for additional factual investigation concerning Wallace's mental condition during the 2001 to 2013 time period, and the limitations suggested by Wallace's mental impairments that could potentially undermine his ability to pursue such an investigation without counsel's assistance, appointment of counsel is warranted for further evaluation of Wallace's claims.

IT IS THEREFORE ORDERED THAT:

1. Wallace's motion for appointment of counsel is GRANTED.
2. The Federal Community Defender Office for the Eastern District of Pennsylvania is appointed to represent Wallace and shall have 60 days from the entry of this Order to submit a memorandum addressing the limited issue of whether the statute of limitations concerning Wallace's federal habeas petition is subject to equitable tolling.
3. Respondents shall then have 30 days from the submission of Wallace's memorandum to file a response.

BY THE COURT:


/s/ Marilyn Heffley
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE